# Gordon *v.* Tennessee Coal, Iron & Railway Co.

## *Crossing Accident.*

(Decided Jan. 13, 1900.—51 South. 316.)

*Railroads; Crossing Accident; Complaint; Sufficiency.*—In an action against a railroad for injuries by being struck by a train at a crossing, a complaint that fails to allege either that the defendant was operating the car, or that the negligence of the servant complained of was in and about the operation of the cars, or that the cars were run against plaintiff through the negligence of the defendant's servants in the operation of, or that the defendant's servants wantonly or intentionally ran the cars against plaintiff, is defective.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by J. H. Gordon against the Tennessee Coal, Iron & Railroad Company for injuries while crossing its track. Judgment for defendant, and plaintiff appeals. Affirmed.

The first count is as follows: "Plaintiff claims of defendant the sum of nineteen hundred ninety-nine dollars ($1,999.00) as damages, for that heretofore, to wit, August 27, 1906, plaintiff was in a vehicle drawn by a horse, and engaged in or about crossing a railway, in a

city, town, or village in Jefferson county, Alabama, to·
wit Johns, and while so engaged at said time and place
one or more cars on said railway ran upon or against
said vehicle, and as a proximate consequence thereof
plaintiff was greatly shocked, bruised, mashed, and oth-
erwise injured in ihis body, he was injured in his back,
hips, kidneys, liver, and bowels, and other internal or-
gans, and was made sore and sick, his health and physic-
al stamina were greatly and permanently impaired, he
was permanently injured, he was rendered permanent-
ly less able to work and earn money, and was rendered
likely for a long time to suffer great mental and physic-
al pain, and was put to great trouble, inconvenience,
and expense in and about his efforts to heal and cure
his said wounds and injuries. Plaintiff alleges that
said car or cars ran upon or against said vehicle as
aforesaid, and he suffered said injuries and damages,
by reason and as a proximate consequence of the negli-
gence of the defendant, or its servant or agent, acting
within the line and scope of its authority as such serv-
ant or agent." This count was amended, after demur-
rers were sustained, by adding after the words "plain-
tiff alleges," where they first occur, the following:
"that defendant, by and through its servant or agent,
was operating a car or cars upon, along, or ·over said
line of railway at said time, and."

BUSH & BUSH, for appellant.—The 1st count was suf-
ficient, and the court erred in sustaining demurrers
thereto.—*Southern Ry. Co. v. Hobbs*, 151 Ala. 335.

PERCY, BENNERS & BURR, for appellee.—The com-
plaint was insufficient, and the court properly sustain-
ed demurrers thereto.—*Ensly Ry. Co. v. Chewning*, 93
Ala. 26; *Montgomery v. Gilmer*, 33 Ala. 116; *Phoenix*

[Gordon v. Tennessee Coal, Iron & Railway Co.]

*I. Co. v. Moog,* 78 Ala. 284; *L. & N. v. Jones,* 83 Ala. 376.

ANDERSON, J.—While it has been repeatedly held by this court that a complaint need not define the quo modo, or specify the particular acts of diligence omitted, it has never been held that a complaint is good which does not set up facts from which a duty springs, or which fails to aver a responsibility, on the part of the defendant, for the negligence charged. There is no averment that the defendant was operating the cars in question, or that the negligence of its servants, complained of, was in and about the operation of defendant's cars. There is no averment that the cars were run upon or against the plaintiff through the negligence of defendant's servants in operating same, or that its servants wantonly or intentionally ran the cars over or upon him. The servants may have negligently caused the plaintiff's injury in some way other than by the operation of the cars. There is nothing in the complaint to indicate that the negligence charged was in and about the operating of the cars, or that the defendant was operating the cars by or through its servants when the plaintiff was injured.

The only case cited by appellant, *So. R. R. v. Hobbs,* 151 Ala. 335, 43 South. 844, does not support the sufficiency of the present complaint. The complaint, which was held good in said case, alleged that the injuries were caused by and were the proximate result of the negligence of defendant's servants in running said engine. The trial court did not err in sustaining the demurrer to counts 1 and 2 of the complaint, and the judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.