Cincinnati, etc., R. Co. *v.* Voght.

CINCINNATI, HAMILTON AND DAYTON RAILROAD COM-
PANY *v.* VOGHT.

[No. 3,260.    Filed May 28, 1901.]

NEGLIGENCE.— *Injury at Railroad Crossing.— Complaint.— Proxi-
mate Cause.*—A complaint against a railroad company for injury at
a crossing charging that the engine negligently approached the
crossing, rapidly and recklessly, without any warning, struck
plaintiff's horse and threw plaintiff on the street, injuring him,
charges the company with negligence only in approaching the street,
and does not show that the injury was caused by the company's
negligence.  *pp. 666-668.*

SAME.— *Complaint.*—A general averment at the close of a complaint
that the injury was caused "solely by the wrongfulness, careless-
ness and negligence of the defendant and without any fault" on
plaintiff's part, which is in no way connected with the specific acts
of negligence charged, does not aid the complaint.  *p. 667.*

APPEAL AND ERROR.—*Overruling Demurrer to Bad Paragraph of
Complaint.*—Where it does not affirmatively appear upon which
paragraph of complaint the verdict rests, a judgment for plaintiff
will be reversed because of the action of the court in overruling a
demurrer to a bad paragraph of complaint.  *p. 669.*

NEGLIGENCE.—*Master and Servant.*—The master is not liable for ev-
ery negligent act of his servants, and in attempting to charge the
master with negligence through the acts of his servants it is neces-
sary to show that the negligent acts were committed by the serv-
ants while engaged in the service and in some way connected with
the doing of the service.  *pp. 669, 670.*

From the Marion Superior Court.  *Reversed.*

*B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for ap-
pellant.

*J. B. Kealing* and *M. M. Hugg,* for appellee.

COMSTOCK, J.—Appellee recovered judgment for per-
sonal injuries.  The complaint is in two paragraphs.  The
errors assigned question the action of the trial court in over-
ruling appellant's demurrer to each paragraph and overrul-
ing its motion for a new trial.  It is argued that neither
paragraph shows appellant to have been guilty of negli-
gence that proximately caused appellee's injury.

The first paragraph of complaint avers that West street in the city of Indianapolis runs north and south, and at the place where the track used by appellant crossed the street there were a number of other tracks, the most westerly of which was the track operated by appellant; that the street is a much traveled street; that on the day of appellee's injury on the east side of the street and immediately north of the railroad there were and for a long time prior thereto had been buildings and high board fences which obscured the view along the railroad tracks of persons going from the north to the south across the tracks and that persons so crossing or desiring to cross from the north were unable to see the engines, cars, and trains approaching from the east until they were upon West street; that appellee approached said crossing from the north in a wagon drawn by one horse; that he approached the crossing carefully looking and listening for approaching trains, and as his horse came on the track "a locomotive engine of the defendant, in charge of agents and employes of the defendant, carelessly, wrongfully, and negligently approached said crossing from the east to the west rapidly and recklessly, without any warning, either by ringing its bell or blowing its whistle, or in any other manner indicating to persons on said street crossing said railroad, or about to do so, that it was approaching the said crossing, and struck said horse, dragging said horse and said wagon for a distance of 100 feet, and threw" appellee to the street, injuring him.

The second paragraph contains no averments about obstructions to the view as pleaded in the first, pleads a city ordinance limiting the speed of trains to four miles per hour, and avers that "as his horse came onto said track the locomotive engine of the defendant, in charge of the agents and employes of the defendant, carelessly, wrongfully, and negligently approached said crossing from the east to the west, rapidly and recklessly, without ringing the bell attached to the said locomotive, and running at a greater rate

Cincinnati, etc., R. Co. *v.* Voght.

of speed than four miles an hour, to wit, fifteen miles an hour, and carelessly, wrongfully, and negligently struck plaintiff's said horse and dragged said horse and wagon for a distance of 100 feet and threw" appellee to the street, injuring him.

The concluding part of each paragraph is that the accident and injury was caused "solely by the wrongfulness, carelessness, and negligence of the defendant, and without any fault" on appellee's part. As this averment is not in any way connected with the specific acts of negligence charged, and no reference is made to any act of negligence before mentioned, it does not in any way aid the complaint. *Ohio, etc., R. Co.* v. *Engrer,* 4 Ind. App. 261.

The first paragraph of the complaint then in attempting to charge negligence charges simply that as appellee came on the crossing appellant's engine in charge of appellant's agents and employes wrongfully, carelessly, rapidly, recklessly, and negligently approached the crossing without ringing its bell or sounding its whistle, or giving any warning of its approach, and struck appellee's horse and wagon.

Passing the objection made by appellant's counsel that the engine itself is charged with negligence, and giving the language used the most favorable construction permissible, it is not shown that the company's negligence caused the injury. If appellant's act did the injury, that act consisted in one of appellant's engines striking appellee's horse and dragging the horse and wagon along the track throwing appellee to the street. It is averred there was negligence in approaching the crossing and there was an injury, but it is not shown that this negligence caused or helped to cause the injury. Because the engine negligently approached the crossing, and appellee was hurt, it does not necessarily follow that he was hurt, as a consequence of the negligence.

In *Pittsburgh, etc., R. Co.* v. *Conn,* 104 Ind. 64, the complaint averred: "The defendant [appellant], with gross negligence and in a careless and reckless manner, caused

one of its locomotives, then and there operated by its servants and agents, rapidly to approach said North street in and along said switch or side-track, without having the headlight lit in said locomotive, and without giving any reasonable, timely or proper warning, notice, or signal of its approach, either by. ringing the bell or blowing the whistle at a safe and reasonable distance from said crossing of said switch or side-track, at said North street." It was held that this averment charged the company with negligence only in its rapid approach toward North street in the manner stated, and that it did not show the injury was caused by the company's negligence.

In the case of *Ohio, etc., R. Co.* v. *Engrer,* 4 Ind. App. 261, the complaint averred that the company "caused one of its locomotives with a train of cars attached thereto, to pass rapidly along said railroad track and over said crossing, and in so doing negligently and carelessly omitted to give any signal of its approach by bell, whistle or otherwise; that while said locomotive and cars were being run along said track and over said crossing, in the negligent and careless manner aforesaid the same ran against and upon said plaintiff." It was held that this averment did not show that the injury was occasioned by any act or omission averred to have been negligent.

It is thus seen that as to the first paragraph the only negligence attempted to be charged is the rapid and negligent approach to the crossing. This may be true and still the engine may have slowly entered upon and across the street crossing with due care and proper precaution. The injury happened in the street at the crossing and there is nothing to show that the engine was there being negligently operated, nor is there any averment to show that it was not at that place operated with due care and caution. This paragraph fails to show that appellee's injury was caused by defendant's negligence. *Pittsburgh, etc., R. Co.* v. *Conn,* 104 Ind. 64.

As it does not affirmatively appear upon which paragraph of the complaint the verdict rests, the judgment must be reversed for failure to sustain the demurrer to the first paragraph.

But we think there is another objection applicable to each paragraph of the complaint. Neither paragraph charges any negligent acts directly upon appellant. The charge is that appellant's locomotive engine in charge of appellant's agents and employes negligently approached the crossing, etc. It is not shown that the agents and employes were at the time acting in the line of their employment. The master is not liable for any and every negligent act of his servant. It is necessary to show that the negligence was committed by the servant while engaged in the service and in some way connected with the doing of the service. It does not necessarily follow because the employes were in charge of appellant's engine that they were then, while running the engine, engaged in appellant's service. The presumption might be that they were, but no presumptions are indulged in favor of the pleader. The employes may or may not have been acting in the line of their duty. As we have said, no specific acts of negligence are directly charged against appellant. The only negligence attempted to be charged is that of appellant through its servants. If the servants were negligent at a time when not engaged in appellant's service appellant can not be made to respond to damages.

In *Helfrich* v. *Williams*, 84 Ind. 553, a complaint averred "that the defendants are partners, engaged in the operation and running of a certain saw-mill; that, in the year 1880, the plaintiff was in the employ of the defendants, engaged in and about the handling of logs in and about said mill; and while so engaged in his said employment, and without any carelessness on his part, a certain employe of the defendants, not engaged in the same line of employment as the plaintiff, carelessly and negligently rolled and permitted a certain log then in said mill to roll against and upon this

plaintiff," etc.  In considering the sufficiency of this plead-
ing the court said:  "We deem these averments insufficient,
though in a complaint before a justice of the peace, to
show a cause of action.  It is not alleged that the defend-
ants were guilty of negligence; it is sought to hold them
responsible for the negligence of another, and the only aver-
ment to connect them with that other is that he was their
employe.  In what work or agency he was employed is not
alleged."    See, *Pittsburgh, etc., R. Co.* v. *Adams,* 25 Ind.
App. 164, and cases cited; *LaFayette, etc., Co.* v. *Stafford,*
25 Ind. App. 187; *Chicago, etc., R. Co.* v. *Thomas,* 147 Ind.
35; *Indianapolis, etc., R. Co.* v. *Anthony,* 43 Ind. 183;
*Baltimore, etc., R. Co.* v. *Young,* 146 Ind. 374; *Ohio, etc.,
R. Co.* v. *Engrer,* 4 Ind. App. 261; *Lake Erie, etc., R. Co.*
v. *Mikesell,* 23 Ind. App. 395; *Bluffton* v. *Mathews,* 92 Ind.
213.

Judgment reversed, with instructions to sustain the de-
murrer to each paragraph of the complaint.  Roby, J., dis-
sents.

## DISSENTING OPINION.

Roby, J.—Corporations can only act through agents.  The
operation of locomotive engines and the running of railway
trains is a primary purpose for which railroad companies
are created.  When it is charged, as it is in this complaint,
that the agents and employes of a railroad company negli-
gently ran an engine upon its railroad and thereby inflicted
injury to a traveler lawfully using the public highway, such
allegation, in my judgment, *prima facie* shows that the
act was that of the company.  *Louisville, etc., R. Co.* v.
*Wood,* 113 Ind. 544.   See opinion by Elliott, J., on petition
for rehearing, p. 570.  *Lake Shore, etc., R. Co.* v. *McIntosh,*
140 Ind. 261, 264; *Indianapolis, etc., R. Co.* v. *Houlihan*
(Ind. Sup.), 60 N. E. 943.  The statute requires that the
complaint state the facts constituting the cause of action in
plain and concise language, without repetition, and in such
a manner as to enable a person of common understanding to

know what is intended. §341 Burns 1894, subd. 2. If the provision was that the complaint must be proof against criticism, grammatical or technical, if substance were made subservient to form, then the decision would be clearly right. As it is, with all deference, I dissent.