# Birmingham Southern Ry. Co. *v.* Stephens.

### Injury to Servant.

(Decided June 1, 1916.   72 South. 35.)

**Pleading; Demurrer; Specifying Ground.**—Where the complaint alleged that defendant was operating a railroad, and that plaintiff while in the service of defendant as a bridge repairer, and engaged in his duties, received injuries from the negligence of defendant's employee, acting as superintendent, in permitting defendant's motor car of which he was in charge, to be wrecked, was sufficient as against the demurrer which did not specifically raise the point that it was essential to aver that plaintiff was an employee in and about the railroad, or that his duties required him to be working in and about the railroad. (Subdiv. 5, § 3910, Code 1907.)

[Birmingham Southern Ry. Co. v. Stephens.]

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by L. S. Stephens against the Birmingham Southern Railroad Company, for damages for injury. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Acts of April 18, 1911, p. 449. Affirmed.

As amended, the complaint is as follows: Count 1. Plaintiff claims of defendant  *  *  *  damages for that heretofore, to-wit,  *  *  *  defendant was engaged in the operation of a railroad in Jefferson county, Ala., and running thereon its engines and cars, propelled by steam for the transportation of freight for hire; and, on said date, plaintiff was in the service or employment of said defendant in the capacity of a bridge repairer or carpenter, and while in such service or employment, engaged in the discharge of his duties as such employee, plaintiff suffered the following injuries, to-wit [here follows catalogue with the allegation that plaintiff was permamently injured].

Plaintiff avers that his said wounds and injuries were the proximate consequence, and caused by reason of the negligence of some person, to-wit, Mr. Sam Nichols, who was in the service or employment of defendant, and who had charge or control of the car upon a railway or a part thereof, which was being used in connection with the business of said defendant, and said negligence consisted in this, viz.: Said Nichols negligently ran said car over a derailing switch. Count 2 is the same as 1 down to and including catalogue of injuries, and adds: Plaintiff avers that his said wounds and injuries were the proximate consequence, and caused by reason of the negligence of a certain person, viz., Mr. Sam Nichols, who was in the service or employment of said defendant, and who had superintendence intrusted to him while in the exercise of such superintendence, and the said negligence of said superintendent consisted in this, viz.: Said superintendent negligently allowed or permitted defendant's railway motor car to be wrecked upon a railway.

PERCY, BENNERS & BURR, for appellant. ERLE PETTUS, for appellee.

ANDERSON, C. J.—Counts 1 and 2, as amended, not only conform to the ones held good in the case of A. G. S. R. R. Co. v.

[Birmingham Southern Ry. Co. v. Stephens.]·

*Davis*, 119 Ala. 572, 24 South. 862, but meet the point of criticism of said case in *Woodward I. Co. v. Marbut*, 183 Ala. 310, 62 South. 804. It may be conceded that the counts do not meet the requirements set forth in the case of *Ala. S. & W. Co. v. Griffin*, 149 Ala. 423, 42 South. 1032, but this case was modified in the case of *Boggs v. Consolidated I. Co.*, 167 Ala. 251 52 South. 878, 140 Am. St. Rep. 28, and we think that the counts in question meet the requirements of said last case. Moreover, if these counts proceed under subdivision 5 of the Employer's Act, and it was essential, in an action under the statute, as distinguished from the common law, to aver that the plaintiff was an employee in and about the railroad, or that his duties required him to be working upon or about a railroad, this point is not specifically pointed out by the defendant's demurrer.

Counts 1 and 2, as amended, in the case at bar, are unlike the count condemned in the case of *Gordon v. Tenn. Co.*, 164 Ala. 2ᴄ3, 51 South. 316. They aver that the defendant was engaged in operating a railroad and in running an engine and cars, etc., and that the plaintiff's injuries were the proximate consequence, and caused by the reason of the negligence of Sam Nichols, who was in charge and control of a car upon the defendant's railway, etc. The second count, charging that the defendant's servant negligently permitted the defendant's railway motor car to be wrecked, etc. The complaint in the *Gordon Case* did not charge that the track or cars belonged to the defendant, or that the cars were being operated by the defendant's servants. The report of this case shows an amendment to the complaint, but the opinion of the court dealt with the complaint before the amendment. The original record has been examined, and the error assigned and treated in the opinion in the *Gordon Case, supra,* was to the original complaint, and not after the amendment as set out by the reporter. Indeed, the trial court held the count as amended sufficient, and overruled the defendant's demurrer to the amended count, and this court did not consider the count as amended.

The judgment of the city court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.