PABLO CALCERRADA, Plaintiff and Appellee, *v.* AMERICAN RAILROAD Co. OF P. R., Defendant and Appellant.—PABLO CALCERRADA, Plaintiff and Appellant, *v.* AMERICAN RAILROAD Co. OF P. R., Defendant and Appellee.

Nos. 4336 and 4254. Argued February 23, 1928.—Decided March 8, 1929.

*E. Martínez Avilés.* for the plaintiff-appellant.  *M. Acosta Velarde* for the defendant-appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

The outside facts in this case are about as follows: On reaching Arecibo a branch line of the American Railroad Company runs along Tanama Street and the tracks lie in front of the railroad station in said city. There are three or four places around the railroad station whereat trucks may be placed and loaded or unloaded. All but one of them

are perfectly safe places for a driver to place his truck. The dangerous place is situated on the track of the company itself. This perhaps is the most convenient place for loading and unloading, although there is a sign pasted up which prohibits the loading or unloading at the particular spot. The agent of the plaintiff placed his truck squarely on the rails and left it in charge of a man who did not know how to drive while he himself went about to look after the unloading of his truck. Some coaches of the railroad company not attached to any locomotive came along and struck the truck of the plaintiff. The present appeal is from a judgment in favor of the plaintiff in the sum of three hundred dollars. The judgment must be reversed on various grounds.

To the complaint for damages proceeding from an alleged negligence the defendant, the American Railroad Company, demurred. The demurrer was overruled. Two trials have since taken place wherein the contributory negligence of the plaintiff has been made an issue and, as the determination of this defense definitely disposes of the obligation existing between the parties, we shall consider it first.

The District Court of Arecibo on the 27th of May, 1923, granted a motion of nonsuit, principally if not exclusively, because of the contributory negligence of the plaintiff. The judgment so rendered was reversed on appeal. *Calcerrada* v. *American Railroad Co.,* 35 P.R.R. 801.

Incidentally we desire to say that in the former appeal the American Railroad Company, the then appellee, did not press for an affirmance on the ground that evidence in favor of plaintiff in opposition to the evidence of negligence may in certain cases be disregarded. There is some conflict in the authorities, but the current of them is that, on motion for nonsuit when the evidence that favors a plaintiff is negligible or a verdict in his favor would definitely be set aside, the court may grant the motion. *Estate of Morey,* 147 Cal. 495; *Grant* v. *Chicago, Milwaukee & St. Paul Ry. Co.* (Mont.), 252 Pac. 382; 38 Cyc. 1556.

In the Montana case it was said that the question of the existence of substantial evidence is one of law for the court. The decisions sometimes say that if the evidence favoring the plaintiff is inherently improbable the motion may prevail. On the continent of the United States the rule is that juries pass on the facts, but in Porto Rico it is the judge alone who weighs the evidence. Perhaps if the defendant had drawn our attention to some of this jurisprudence and emphasized some of the matters to which we shall refer, we might not have reversed the judgment.

In the former appeal the appellant company also said in its brief that the evidence of negligence was insufficient, but an inspection of the record and of our former opinion shows that the ground of action of the court below, if not the only ground, was the contributory negligence of the plaintiff.

It is also a debatable matter whether on a motion for nonsuit the court may not consider the sufficiency of the complaint. As a matter of policy a motion for nonsuit is questionably advisable, but if the evidence is plainly insufficient the defendant should submit his case. Then a complete *res adjudicata* arises.

At the second trial of this case the plaintiff submitted no new evidence for his case in chief. The parties by stipulation agreed that the former evidence should stand and be considered by the court as such evidence in chief. All objections and exceptions were waived, barring the defense of prescription, and perhaps the amendments to the complaint. The rebutting evidence in regard to the matter of contributory negligence was unimportant, as we shall see. Substantially the case was tried on the same evidence for the plaintiff with the additional countervailing evidence of the defendant. Now, when the former opinion of this court is examined it will necessarily be deduced that we did not affirm the judgment, because we considered there was a conflict in the evidence on the point decided by the judgment of nonsuit. The court below did not attempt to resolve the conflict.

What the court held was that when the conduct of the defendant was voluntary, inexcusable and negligent the defense of contributory negligence was unavailable. This was plainly error and the authorities cited by the court do not support the conclusion. 29 Cyc. 509; 22 R.C.L. 926; notes 21 L.R.A. (N. S.) 427; 20 R.C.L. 144. These authorities show that to make the defense unavailable the conduct of the defendant must have been wanton, willful, or something tantamount thereto, as, in certain cases, the applicability of the doctrine of the last clear chance. We have not stopped to inquire how far the doctrine of the last clear chance is applicable when property is damaged instead of persons.

Assuming that the court meant to say that the action of the defendant was wanton or willful, there was no evidence of wantonness or willfulness in this case. While detached cars went down a public street on which the principal tracks of the branch ran, this mere occurrence, while it may readily amount to gross negligence, does not tend to prove wantonness, willfulness or the like. From the record no one knows how the accident occurred. There was no evidence to show that the detached cars were deliberately started by an employee of the company. As appellant company points out, detached cars may move due to something other than the voluntary act of defendant's agents. Nor was the idea of wantonness or willfulness alleged in the complaint or made a real issue at the trial. Under these circumstances the imputation of wantonness, willfulness or the like needs no further discussion.

The driver placed his truck on the rails of the company and left it there while he went about to discharge the load. As on this track trains may run at any moment, this conduct was clearly negligence.

The attempt to exonerate the plaintiff was to show a permission, tolerance, or custom by the agents of the defendant. Thereunder people did in fact from time to time discharge freight from their trucks at the spot where the

accident happened. The custom as such was not proved. The possibility that a responsible agent or officer of the company tolerated such a practice is remote, and the possibility of proving it even more remote. Indeed, the witness Torres, introduced by the plaintiff, denied such a custom. Supposing, however, for example, that some agent had in fact said: "You may discharge at this spot," his action could not prevent the arising of the defense of contributory negligence. The agent of the defendant could not bind the company in the teeth of the circumstances and the plaintiff's agent was bound to know, despite the supposed or alleged authority proceeding from the defendant, that trains were liable to pass at any moment.

Not only do these improbabilities or failures of proof exist, but the company introduced very positive evidence to the effect that no one in fact had ever authorized the establishment of such a custom or tolerated such an abuse. The possibility or probability is that the spot chosen is a more convenient one for the discharge of goods and that the agents of the company had received goods there without much protest. When the truck driver went to the highly dangerous spot he did it at his own risk.

When it is remembered that the original trial of the case found the plaintiff guilty of contributory negligence, that the case was practically submitted on the same evidence plus countervailing evidence of the defendant, and that the testimony in rebuttal was unsubstantial, we may say that the company made out a complete defense. The rebutting testimony tended to show that some person after the accident continued to discharge his goods at the spot with the permission of the company. The evidence was not persuasive.

The appellant company alleges also that no negligence was shown. To put the matter briefly, we doubt if a case of negligence on the part of the agents of the company was fully made out. Given the circumstances of the detached cars running on a public street, the proof of negligence

should have been easy, but the typewritten record does not disclose that the cars were set in motion by any agent of the company. While, because of the probabilities to the contrary, we do not wish to stress the point, the appellee does not convince us that such a case of negligence was proved.

We agree definitely with the defendant that the *allegata* and the *probata* as found by the court do not correspond. The complaint charged the negligent uncoupling of the cars. The opinion found a voluntary act on the part of the defendant. Negligence is one thing. Voluntarily to do a wrongful act is another. This aspect of the case acquires greater importance than it customarily would by reason of the court's attitude toward the question of contributory negligence, as heretofore outlined.

So far we have been discussing principally the evidence in the case and we have covered the second, third, seventh and eighth assignments of error inasmuch as these matters necessarily affected the fundamental merits of the case. In its fourth assignment of error the appellant said that the court also erred in holding that the plaintiff had the same right in a public street as had the defendant. Of course, in a public street anybody has a right to pass, but the jurisprudence is fairly clear that as trains can only move on rails they have a certain preference over pedestrians and moving vehicles. Necessarily neither a pedestrian nor a truck has a right to be stationed on the tracks of a railroad company.

The fifth and sixth assignments of error may be treated together. They are as follows:

"5. The district court erred and committed an abuse of discretion in allowing the plaintiff on the day of the trial of the case to amend the complaint to aver that the damaged truck was HP-229 instead of HP-239.

"6. The district court erred in dismissing the new matter of special defense alleging that the action had prescribed in accordance with section 1869 of the Civil Code of Porto Rico, and in rendering judgment against the defendant."

Again, for convenience of treatment, we shall consider the matter of prescription. At the first trial of the case the plaintiff asked permission to amend his complaint because it described the truck as H.P.–239 when in point of fact it was H.P.–229. The court permitted the amendment and then the defendant was allowed to put in another defense, namely, that the action had prescribed. The jurisprudence is clear that if an amendment states a new cause of action it does not relate back to the filing of the complaint, but that if the complaint is merely defective the amendment does so relate back.

The complaint in this case made no attempt to describe the truck other than by its number. At the trial the defendant said that it had no notice of an injury to truck H.P.–229 and an examination of the evidence showed that both parties went into great detail over what were the damages to the truck. Hence it was important that the defendant should have been duly advised of the particular truck which had suffered damages. A plaintiff might easily have several causes of action due to accidents to trucks and certainly if he confused the different trucks in claiming damages when he came to amend he might be stating a totally different cause of action for a particular truck. Nevertheless, the new matter of the answer showed that the defendant was duly advised of the particular truck that was injured. A previous complaint had been filed where the suit was begun not by the real owner but by his chauffeur, and under all the circumstnces we think the error, if any, was not prejudicial.

The defendant objected that the amendment came too late. The plaintiff showed to the satisfaction of the court that the error was due to a mistaken reproduction by counsel's own stenographer. Given the fact that the plaintiff had permitted his chauffeur to bring a cause of action, if this had been drawn to the attention of the court, we might not have considered it as an abuse of discretion if the court had refused to allow the plaintiff to amend. Under the circum-

stances of the answer and the peculiar manner in which the accident happened, we do not find an abuse of discretion in permitting the said amendment.

We come then to the first assignment of error that the complaint failed to state a cause of action. All the foregoing discussion demonstrates how necessary it is for a defendant to be duly advised of the plaintiff's cause of action. We agree with the appellant company that the complaint was defective in failing to give the defendant any notice of the supposed manner in which the accident occurred. Likewise the appellant, relying on the case of *Miranda* v. *P. R. Ry. Light & Power Co.*, 31 P.R.R. 738, urged that plaintiff failed to state the duty that the defendant owed to the plaintiff other than by saying that the goods were discharged by the truck at the customary place. We question, with the appellant, whether to say that a custom arose is a statement of an ultimate fact and whether it should not be necessary to accumulate some facts to show how the custom arose. This becomes more obvious when we realize how difficult a custom to load and unload on the tracks could arise.

The greatest insistence of the appellant is that the complaint failed to state that the accident was due to the negligence of the defendant's employees in the ordinary or usual course of their duties, and the defendant cites some authorities to this effect and we have added others following the citations from Cyc. *Cincinnati, etc., R. R. Co.* v. *Voght*, 26 Ind. App. 665, 60 N. E. 797; *Railroad Co.* v. *Adams*, 25 Ind. App. 164, 56 N. E. 101; *Gordon* v. *Coal, etc., Co.*, 164 Ala. 203, 51 So. 316; 33 Cyc. 1053, note 87. If the demurrer had turned on this point alone we think the complaint sufficiently drew attention to the fact that the accident was caused by the negligence of the agents of the defendant in the ordinary course of their duty.

The plaintiff appealed on the ground of the insufficiency of the damages awarded. As the case must be reversed on the ground that the plaintiff has no cause of action, it will

be unnecessary to consider the appeal. We seriously question whether the complaint ought ever to have been filed, especially after the futile attempt to permit the chauffeur to recover and the small amount finally recovered.

The judgment in No. 4336 will be reversed, making it unnecessary to take any action in No. 4254 other than filing it away.

Chief Justice Del Toro and Justice Hutchison dissented.