PABLO CALCERRADA, demandante y apelado, *v.* AMERICAN RAIL-
ROAD CO. OF P. R., demandada y apelante; PABLO CALCE-
RRADA, demandante y apelante, *v.* AMERICAN RAILROAD CO.
OF P. R., demandada y apelada.

Nos. 4336 y 4254.    *Sometidos:* Febrero 23, 1928.—*Resueltos:* Marzo 8, 1929.

*E. Martínez Avilés*, abogado de la demandante-apelada-apelante; *M. Acosta Velarde*, abogado de la demandada-apelante-apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Los hechos fundamentales que rodean este caso son más o menos los siguientes: Al llegar a Arecibo, un ramal de la American Railroad Company está situada a lo largo de la calle Tanamá. Los rieles están colocados frente a la estación del ferrocarril de dicha ciudad. Hay tres o cuatro sitios cerca de la estación del ferrocarril, donde se pueden colocar autocamiones para ser cargados o descargados. Todos ésos, a excepción de uno, son sitios seguros donde los autocamiones pueden ser colocados por su conductor. El sitio peligroso queda sobre la vía de la misma compañía. Este es tal vez el lugar más conveniente para cargar y descargar, aunque hay un letrero pegado allí que prohibe cargar o descargar en el sitio de referencia. El agente del demandante colocó su autocamión exactamente sobre los rieles y lo dejó a cargo de una persona que no sabía guiar, mientras él fué a ocuparse de la descarga del autocamión. Algunos vagones de la compañía ferroviaria, que no estaban enganchados a ninguna locomotora, vinieron y chocaron con el autocamión del demandante. El presente recurso de apelación ha sido instituido contra una sentencia dictada a favor del demandante por la suma de trescientos dólares. La sentencia debe ser revocada por varios motivos.

A la demanda de daños y perjuicios fundada en la supuesta negligencia de la demandada, la American Railroad Company presentó excepción previa. La excepción fué declarada sin lugar. Se han celebrado dos juicios en que una

de las cuestiones en controversia ha sido la negligencia contribuyente del demandante, y como la determinación de esta defensa resuelve definitivamente las obligaciones existentes entre las partes, la consideraremos primeramente.

La Corte de Distrito de Arecibo el día 27 de mayo de 1923 declaró con lugar una moción de *nonsuit*, principalmente, de no ser exclusivamente, debido a la negligencia contribuyente del demandante. La sentencia así dictada fué revocada en apelación. *Calcerrada* v. *American Railroad Co.*, 35 D.P.R. 873.

Deseamos manifestar incidentalmente que en el recurso de apelación anterior la American Railroad Company, entonces apelada, no hizo hincapié en la confirmación fundándose en que la prueba a favor del demandante en oposición a la prueba de negligencia puede en ciertos casos ser pasada por alto. Existe algún conflicto entre las autoridades, pero la corriente de ellas es que una moción de *nonsuit* cuando la prueba que favorece al demandante es débil, o cuando se anularía definitivamente un veredicto rendido a su favor, la corte entonces puede declarar con lugar la moción. Estate cf Morey, 147 Cal. 495; *Grant* v. *Chicago, Milwaukee & St. Paul Railroad Co.*, 252 Pac. 382; 38 Cyc. 1556.

En el caso de Montana se dijo que la cuestión relativa a la existencia de prueba substancial es una cuestión de derecho que debe ser resuelta por la corte. Las decisiones a veces dicen que si la prueba que favorece al demandante es inherentemente improbable, la moción puede prevalecer. En los Estados Unidos continentales la regla es que el jurado apreciará las cuestiones de hecho, pero en Puerto Rico el llamado a apreciar la prueba es el juez únicamente. Quizá si la demandada nos hubiese llamado la atención a alguna de esta jurisprudencia, y hubiera hecho énfasis en algunas de las cuestiones a que nos referiremos, tal vez no hubiésemos revocado la sentencia.

En el recurso de apelación anterior la compañía apelante

también dijo en su alegato que la prueba de negligencia era insuficiente, pero un examen de los autos y de nuestra opinión anterior demuestra que el fundamento para la actuación de la corte inferior, de no haber sido el único fundamento, fué la negligencia contribuyente del demandante.

También es una cuestión a debatir si en una moción de *nonsuit* la corte no puede considerar la suficiencia de la demanda. Como cuestión de principio, es de dudarse que una moción de *nonsuit* sea aconsejable, pero si la prueba es claramente insuficiente, la parte demandada debe someter su caso. Entonces surge un caso de absoluta *res adjudicata*.

██ Durante la segunda vista de este caso el demandante no sometió nueva prueba sobre la parte principal de su caso. Mediante estipulación las partes convinieron en que la prueba anterior debería permanecer y ser considerada por la corte como la prueba principal. Se renunció a todas las objeciones y excepciones, exceptuando la defensa de prescripción y tal vez las enmiendas a la demanda. La prueba de *rebuttal* relativa a la cuestión de negligencia contribuyente, carecía de importancia, según veremos. El caso fué visto sustancialmente por la misma prueba del demandante, con la prueba adicional en contrario de la demandada. Ahora bien, al examinar la opinión anterior de esta corte hay que deducir necesariamente que no confirmamos la sentencia porque consideráramos que había conflicto de prueba en el punto resuelto por la sentencia de *nonsuit*. La corte inferior no trató de resolver el conflicto.

Lo que la corte resolvió fué que siendo la conducta de la demandada voluntaria, inexcusable y negligente, la defensa de negligencia contribuyente no podía favorecerle. Esto era claramente erróneo y las autoridades citadas por la corte no sostienen tal conclusión. 29 Cyc. 509; 22 R.C.L. 926; notas 21 L.R.A. (N. S.) 427; 20 R.C.L. 144. Estas autoridades demuestran que para que la defensa no pueda favorecerle, la conducta de la demandada debe haber sido *wanton* (per-

versa), *wilful* (decidida), o algo equivalente a eso, como en ciertos casos la aplicabilidad de la doctrina de la última oportunidad expedita para evitar el daño. No nos hemos detenido a investigar hasta qué punto la doctrina de la última oportunidad expedita es aplicable cuando el daño es causado a la propiedad en vez de a la persona.

Asumiendo que la corte quiso decir que la actuación de la demandada fué perversa o decidida, (*wilful*), no hubo prueba de perversidad o decisión en este caso. Si bien algunos vagones sueltos corrían por una calle pública donde estaban colocados los rieles principales del ramal, este mero hecho, si bien fácilmente puede equivaler a negligencia crasa, no tiende a probar perversidad, decisión o algo similar. A juzgar por los autos, nadie sabe cómo ocurrió el accidente. No hubo prueba tendente a demostrar que los vagones sueltos fueran impulsados deliberadamente por uno de los empleados de la compañía. Según indica la compañía apelante, vagones sueltos pueden moverse debido a algo ajeno a la voluntad de los agentes de la demandada. La idea de perversidad o decisión tampoco fué alegada en la demanda o hecha realmente parte de la controversia durante el juicio. Bajo estas circunstancias, la imputación de perversidad, decisión o algo similar no necesita ulterior discusión.

El conductor colocó su autocamión sobre los rieles de la compañía y lo dejó allí mientras se fué a descargarlo. Como por sobre esta vía los trenes pueden pasar en cualquier momento, tal proceder constituía claramente negligencia.

La tentativa de exonerar al demandante fué para demostrar que existía un permiso, tolerancia o costumbre por parte de los agentes de la demandada. En el sitio en que ocurrió el accidente, en realidad la gente de vez en cuando descargaba los autocamiones. La costumbre como tal, no fué probada. La posibilidad de que un agente responsable o un funcionario de la compañía tolerara tal práctica, es remota, y la posibilidad de probarla es aun más remota. En realidad, el

testigo Torres, presentado por el demandante, negó que existiera tal costumbre. Sin embargo, suponiendo, por ejemplo, que algunos de los agentes de la demandada en realidad hubiese dicho: "Ustedes pueden descargar en este sitio," su proceder no puede impedir que surja la defensa de negligencia contribuyente. El agente de la demandada no podía obligar a la compañía contrario a las circunstancias. Y el agente del demandante estaba obligado a saber, a pesar de la supuesta o alegada autorización dádale por la demandada, que por allí podían pasar trenes en cualquier momento.

No solamente estas improbabilidades o faltas de prueba existen, sino que también la compañía introdujo prueba muy positiva al efecto de que nadie en realidad había autorizado jamás que se estableciera tal costumbre, o que se tolerara tal abuso. La posibilidad o probabilidad fué que el sitio elegido era más conveniente para descargar mercancías y que los agentes de la compañía habían recibido carga allí sin mucha protesta. Cuando el conductor del autocamión se colocó en aquel sitio altamente peligroso, lo hizo a su propio riesgo.

Si se recuerda que en la vista original del caso se halló que el demandante era culpable de negligencia contribuyente, que el caso fué prácticamente sometido por la misma prueba en unión a la prueba en contrario de la demandada, y que la prueba de *rebuttal* carecía de importancia, podemos decir que la compañía demandada presentó una defensa absoluta. La prueba de *rebuttal* tendió a demostrar que alguien, después del accidente, continuó descargando sus mercancías en dicho sitio con permiso de la compañía. La prueba no era persuasiva.

La compañía apelante también alega que no se demostró negligencia alguna. Para exponer el asunto lacónicamente, dudamos que en realidad se probara un caso de negligencia por parte de los agentes de la compañía. Dadas las circunstancias de que vagones sueltos corrieran por una calle pública, la prueba de negligencia debió haber sido fácil, pero

los autos escritos en maquinilla no revelan que los vagones fueran puestos en movimiento por algún agente de la compañía. Si bien debido a las probabilidades en contrario no deseamos hacer hincapié en este punto, sin embargo, el apelado no nos convence de que probara tal caso de negligencia.

Convenimos definitivamente con la demandada que lo *allegata* y *probata*, según halló la corte inferior, no corresponden. En la demanda se alega que los vagones fueron desenganchados negligentemente. De la opinión se desprende un acto voluntario por parte de la demandada. Negligencia es una cosa. El hacer voluntariamente un acto torticero es otra cosa. Este aspecto del caso adquiere mayor importancia de la que adquiriría generalmente debido a la actitud de la corte en lo referente a la cuestión de negligencia contribuyente, según se ha expresado anteriormente.

Hasta aquí hemos estado discutiendo principalmente la prueba del caso y hemos cubierto los señalamientos segundo, tercero, séptimo y octavo, ya que estas cuestiones afectaban necesariamente los méritos fundamentales del caso. En su cuarto señalamiento de error la apelante dice que la corte también erró al declarar que el demandante tenía un derecho igual al de la demandada en una vía pública. Desde luego, todo el mundo tiene derecho a pasar por una calle pública, pero la jurisprudencia es bastante clara de que como solamente los trenes pueden caminar sobre rieles, ellos tienen cierta preferencia sobre los peatones y sobre otros vehículos en movimiento. Necesariamente ni un peatón ni un auto-camión tienen derecho a estar estacionados sobre los rieles de una compañía ferroviaria.

Los señalamientos quinto y sexto pueden ser considerados conjuntamente. Estos leen así:

"5. La Corte de Distrito erró y abusó de su discreción al permitir al demandante el día de la vista del caso enmendar la demanda en el sentido de que el truck damnificado era HP–229 en vez del truck HP–239.

"6. La Corte de Distrito erró al declarar sin lugar la materia nueva de defensa especial de que la acción ejercitada estaba prescrita de acuerdo con el artículo 1869 del Código Civil de Puerto Rico y dictar sentencia contra la demandada."

Otra vez, por conveniencia para los fines de la discusión, consideraremos la cuestión de prescripción. Durante la primera vista del caso el demandante pidió permiso para enmendar su demanda por describir ésta el autocamión como HP–239 cuando en realidad de verdad era el HP–229. La corte accedió a la enmienda y entonces se permitió a la demandada que presentara otra defensa, o sea, que la acción había prescrito. La jurisprudencia es clara al efecto de que si una enmienda aduce una nueva causa de acción, ésta no se retrotrae a la fecha de la radicación de la demanda, pero que si la demanda es meramente defectuosa, la enmienda sí se retrotrae.

En la demanda de este caso no se trataba de describir el autocamión, a no ser por su número. Durante el juicio la demandada dijo que no tenía conocimiento alguno de ningún daño causado al autocamión HP–229, y un examen de la prueba demostró que ambas partes entraron en muchos detalles respecto a los daños ocasionados al autocamión. Por tanto, era de importancia que a la demandada se le hubiese notificado debidamente del camión en particular que había sufrido los daños.

Un demandante puede tener fácilmente varias causas de acción fundadas en daños ocasionados a autocamiones y ciertamente si confunde los distintos autocamiones al reclamar daños y perjuicios, en el momento de enmendar su demanda podría aducir una causa de acción enteramente distinta por el autocamión en cuestión. No obstante, la materia nueva de la contestación demostraba que la demandada tenía el debido conocimiento del autocamión determinado que fué damnificado. Se había radicado una demanda anterior en que el pleito había sido instituido no por el verdadero dueño

sino por su *chauffeur*, y bajo todas las circunstancias creemos que el error, de haberse cometido, no era perjudicial.

La demandada alegaba que la enmienda fué hecha demasiado tarde. El demandante demostró a satisfacción de la corte que el error fué debido a una reproducción errónea por parte del taquígrafo del propio abogado. Dado el hecho de que el demandante había permitido que su *chauffeur* instituyera una causa de acción, si se hubiese llamado la atención de la corte inferior al particular no lo hubiésemos considerado como un abuso de discreción si ella se hubiese negado a permitir que el demandante enmendara su demanda. Bajo las circunstancias de la contestación y la forma peculiar en que ocurrió el accidente, no creemos que sea un abuso de discreción el permitir dicha enmienda.

■■ Llegamos entonces al primer señalamiento de error de que la demanda no aduce una causa de acción. Toda la discusión anterior demuestra cuán necesario es que un demandado sea debidamente notificado de la causa de acción del demandante. Convenimos con la compañía apelante en que la demanda era defectuosa al dejar de dar a la demandada aviso alguno de la supuesta forma en que ocurrió el accidente. Igualmente la apelante, descansando en el caso de *Miranda* v. *Porto Rico Ry., Light & Power Co.*, 31 D.P.R. 778, alegó que el demandante dejó de especificar el deber que la demandada tenía para con el demandante a no ser diciendo que las mercancías eran descargadas por el autocamión en el sitio de costumbre. Dudamos, al igual que la apelante, si el decir que surgió una costumbre equivale a exponer un hecho último, y si no es necesario acumular algunos hechos para demostrar cómo surgió la costumbre. Esto se hace aun más claro cuando nos damos cuenta de lo difícil que es que surja una costumbre del hecho de cargar y descargar sobre rieles.

La apelante insiste principalmente en que la demanda deja de especificar que el accidente se debiera a la negligencia de los empleados de la demandada en el curso ordinario o

corriente de sus deberes, y la demandada cita algunas autoridades a este efecto y hemos agregado otras, siguiendo las citas de Cyc. *Cincinnati, etc., Railroad Co.,* v. *Voght,* 26 Ind. App. 665, 60 N. E. 797; *Railroad Co.* v. *Adams,* 25 Ind. App. 164, 56 N. E. 101; *Gordon* v. *Coal, etc., Co.,* 164 Ala. 203, 51 So. 316; 33 Cyc. 1053, nota 87. Si la excepción previa hubiese girado sobre este punto solamente, creemos que la demanda llamaba la atención suficientemente al hecho de que el accidente fué causado por negligencia de los agentes de la demandada en el curso ordinario de sus deberes.

El demandante apeló fundándose en la insuficiencia de la indemnización concedídale por la sentencia. Como el caso debe ser revocado debido a que el demandante no tiene causa de acción, será innecesario considerar su apelación. Dudamos seriamente si la demanda jamás debió haberse radicado, especialmente después de la infructuosa tentativa de permitir que el *chauffeur* percibiera indemnización, y de la pequeña cuantía finalmente obtenida.

La sentencia dictada en el caso No. 4336 *debe ser revocada,* lo que hace innecesario tomar acción alguna en el caso No. 4254, *a no ser para archivarlo.*

El Juez Presidente Sr. del Toro y el Juez Asociado Sr. Hutchison disintieron. (Véase el prefacio)